UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOLYNE NERISSA JOHNSON,<br><br>    Plaintiff,<br><br>-against-<br><br>PRESIDENT PRO TEMPORE(S) AND MAJORITY LEADER(S) OF NY STATE SENATE; MINORITY LEADER(S) OF NEW YORK STATE SENATE; SPEAKER OF THE NEW YORK STATE ASSEMBLY; MINORITY LEADER(S) OF THE NEW YORK STATE ASSEMBLY,<br><br>    Defendants. | 1:21-CV-9627 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Jolyne Nerissa Johnson appears *pro se* and filed this action invoking the Court's federal question jurisdiction. She asserts that the defendants have violated her federal and state constitutional rights, and she seeks unspecified relief. Plaintiff sues: (1) Andrea Stewart-Cousins, the President Pro Tempore and Majority Leader of the New York State Senate; (2) Robert G. Ortt, the Minority Leader of the New York State Senate; (3) Carl Heastie, the Speaker of the New York State Assembly; and (4) William A. Barclay, the Minority Leader of the New York State Assembly. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

  By order dated December 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action as frivolous.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). When it is clear that the defendants are immune from suit, the complaint may be dismissed as frivolous. *Neitzke*, 490 U.S. at 327.

**BACKGROUND**

In the section of the complaint that discusses the basis for the Court's jurisdiction to consider this action, and in which Plaintiff invokes the Court's federal question jurisdiction, Plaintiff asks the following question: "Does the leadership (1979 – Present) of the State Legislature have the right to intentionally pass laws that have been found by a judge to be

unconstitutional while not following the judge's order(s)?" (ECF 2, at 2.) In that same section of her complaint, Plaintiff alleges that since 1979, her rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well and her rights under the New York State Constitution, have been violated.

In the complaint's statement of claim, Plaintiff alleges that the events giving rise to her claims have been occurring from 1979 to the present, throughout New York State, "neighboring states, all 50+ states, plus international." (*Id.* at 5.) She also alleges the following: "[F]rom circa 1979 to present, it is apparent that the leadership from the bipartisan and bicameral New York State Legislature failed to effectively repeal and keep repealed certain laws, specifically lien laws, that a judge in 1979 ordered to be repeal[ed] because [those laws were] both 'unconstitutional' and ludicrous." (*Id.*) In 1980, the New York State Legislature passed "similar laws, but added the phrase '10 days.' Th[ese] repassed [sic] 'unconstitutional' laws did not follow the judge[']s order(s) from 1979; [a]nd [were] akin to trying to stop a dam[] or the Niagara Falls with a simple bandaid [sic]." (*Id.*)

The New York State Legislature's alleged failure to repeal or amend those unconstitutional lien laws has "negatively impacted and influenced all 50+ states and international, because New York State is a respected cornerstone and leadership state throughout the U.S.A. and abroad" (*id.* at 6); that alleged failure has also caused violations of Plaintiff's federal and state constitutional rights, and has injured others. "Currently, the domino effect of the abovementioned actions has removed [Plaintiff's] ability to manage moveable tangible property . . . [a]nd has left [her] with no place to keep or secure [her] property . . . ." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint presents no basis for a legally viable claim, *see Denton*, 504 U.S. at

32-33; *Livingston*, 141 F.3d at 437. In addition, as Plaintiff's claims arise from the defendants' actions as state legislators – namely, their failure to repeal or amend certain state lien laws – the defendants are absolutely immune from any liability under Section 1983. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (state legislators are immune from suit under Section 1983 for their legislative activity). The Court therefore determines that Plaintiff's complaint is frivolous. *See Neitzke*, 490 U.S. at 327; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court document. (ECF 3.)

SO ORDERED.

Dated:  December 20, 2021
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge